**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **CORY J. BENNETT,** *Plaintiff* | § § § | |
| **v.** | § | **No. 1:26-CV-01601-RP** |
| **THE UNIVERSITY OF TEXAS AT AUSTIN, ET AL.,** *Defendants* | § § § § | |

## ORDER AND REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Cory J. Bennett's Application to Proceed *In Forma Pauperis*, Dkt. 3. Because Bennett is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of his claims pursuant to 28 U.S.C. § 1915(e).

### I. REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Bennett's financial affidavit and determined Bennett is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby **GRANTS** Bennett's request for *in forma pauperis* status, Dkt. 3.

The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Bennett is further advised that, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and recommends that the District Judge dismiss Bennett's claims under 28 U.S.C. § 1915(e). Therefore, service upon Defendants as to these claims should be withheld pending the District Judge's review of the recommendation made in this report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II. REVIEW OF THE MERITS OF THE CLAIM

Because Bennett has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review his complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*,

490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hou., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Bennett is a student at the University of Texas at Austin ("UT Austin") who brings claims against Defendants Emily Hsiao, James G. Scott, Sally K. Ragsdale, Jay Bartroff, Kelli Bradley, Jeff Graves (the "Individual Defendants"), and UT Austin under the ADA, the Rehabilitation Act ("RA"), and 42 U.S.C. § 1983, seeking monetary damages, injunctive relief, and declaratory relief. Dkt. 1, at 39-53. Bennett alleges that Defendants violated the ADA and RA, as well as his First and Fourteenth Amendment rights, by modifying a disability accommodation UT Austin had granted him. Dkt. 1, at 39-53. Specifically, UT Austin granted Bennett an accommodation allowing him to attend office hours without prior notice to make up for labs he missed because of "disability-related episodes." Dkts. 1 at 2, 12; 1-2 at 2-3. Following one office-hour session, Bennett's professor accused Bennett of "extremely unprofessional" and inappropriate behavior. Dkt. 1-2, at 4-5 (accusing Bennett of "name-calling" and "insulting" course staff). Bennet was subsequently banned from attending office hours and his accommodation was changed to allow him to make up

missed labs with other professors. Dkts. 1 at 2; 1-2 at 4-13. As explained below, Bennett has not stated any viable claims for relief.

First, Bennett fails to state any claims under the ADA against UT Austin. Bennett's failure-to-accommodate claim requires him to plead that he is a "qualified individual with a disability," the disability and its consequential limitations were known by UT Austin, and the university failed to make reasonable accommodations for such known limitations. *Feist v. La. Dep't of Justice*, 730 F.3d 450, 452 (5th Cir. 2013). While Bennett generally alleges that he is a "qualified individual with disabilities" and experienced "unpredictable disability episodes," he never discloses his disability. Dkt. 1, at 39-40; *Aguirre v. W.L. Flowers Mach. & Welding Co.*, No. CIV.A. C-11-158, 2011 WL 2672348, at *2 (S.D. Tex. July 7, 2011) (noting that "[t]he Fifth Circuit has dismissed actions for failure to state a claim when the nature of the plaintiff's disability was not sufficiently alleged"). Moreover, the evidence Bennett attached to his complaint reveals that UT Austin did in fact offer Bennett a reasonable accommodation and only later modified that accommodation based on Bennett's own misconduct. Dkt. 1-2, at 4-13; *Rayha v. United Parcel Serv.*, 940 F. Supp. 1066, 1070 (S.D. Tex. 1996) ("Furthermore, [defendant] is not obligated under the ADA to always provide the [plaintiff] with the best possible accommodations or to accommodate the [plaintiff] in the specific manner he requested."); *Loulseged v. Akzo Nobel Inc.*, 178 F.3d 731, 736 (5th Cir. 1999) (holding that employee cannot establish a failure to accommodate if he was responsible for the breakdown in the process of finding an appropriate accommodation).

Bennett's retaliation claim brought under the ADA also fails. To assert a plausible retaliation claim under the ADA, Bennett must "plead sufficient facts on all of the ultimate elements" of that claim. *Jenkins v. La. Workforce Comm'n*, 713 F. App'x 242, 244 (5th Cir. 2017) (quotation marks and citation omitted). A prima facie case of retaliation requires showing that: (1) Bennett engaged in protected activity under the statute; (2) an adverse action occurred; and (3) a causal connection exists between the protected activity and the adverse action. *See Munoz v. Seton Healthcare, Inc.*, 557 F. App'x 314, 321 (5th Cir. 2014). While requesting an accommodation constitutes a protected activity under the ADA, Bennett cannot show that any adverse action he experienced was caused by his unidentified disability given that his own evidence reveals that the modification of his accommodation and resulting fallout occurred in response to his "name-calling" and "insulting" course staff. Dkt. 1-2, at 4-16; *Besser v. Tex. Gen. Land Off.*, No. A-17-CV-1010-SS, 2018 WL 1353936, at *5 (W.D. Tex. Mar. 15, 2018), *aff'd*, 834 F. App'x 876 (5th Cir. 2020) (dismissing ADA retaliation claim where "plaintiff fail[ed] to allege facts supporting a plausible inference of causation"). Because Bennett has failed to plead facts supporting a reasonable inference of causation, his ADA retaliation claim should be dismissed.

Bennett's RA claim against UT Austin is similarly deficient because he cannot show that his disability was the sole reason for the alleged discrimination he experienced. Section 504 of the RA "explicitly provides that discrimination is actionable only if it occurs 'solely by reason of' the plaintiff's disability." *Flynn v. Distinctive Home Care, Inc.*, 812 F.3d 422, 428 (5th Cir. 2016) (emphasis omitted)

(quoting 29 U.S.C. § 794(a)). A plaintiff establishes that the disability is the sole reason for the discrimination where: "(1) there is a 'causal connection' between his disability and the discriminatory action; and (2) his disability was 'the only cause' of the discriminatory action." *Shaikh v. Tex. A&M Univ. Coll. of Med.*, 739 F. App'x 215, 222 (5th Cir. 2018) (citation omitted). Bennett alleged in a conclusory fashion that he was subject to discrimination "solely by reason of his disability." Dkt. 1, at 41. Yet according to Bennett's own complaint and attached evidence, his disability was not "the only cause of" UT Austin's decision to change his accommodation and handle his complaints the way that it did, given the altercation during office hours described above. Dkts. 1, at 41; 1-2, at 4-5, 25-26, 35-36, 59. In fact, UT Austin's stated reason for modifying Bennett's accommodation was Bennett's own behaviors, including "name-calling, insulting course staff, and verbal harassment." Dkts. 1 at 15-16; 1-2, at 4-5. Bennett's RA claim should be dismissed.

Bennett's First Amendment retaliation claims against the Individual Defendants also fail because he cannot show that the harm he suffered was substantially motivated by his protected activity. *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002). A First Amendment retaliation claim requires Bennett to plead that he: (1) engaged in a constitutionally protected activity; (2) suffered a harmful response that would "chill a person of ordinary firmness" from performing that activity; and (3) the harmful response was substantially motivated by constitutionally protected activity. *Id.* The Fifth Circuit requires the plaintiff to show that their speech has been actually curtailed. *Reitz v. Woods*, 85 F.4th 780, 789 (5th Cir. 2023).

Bennett admits in his complaint that his activities, including filing complaints, appeals, and litigation related to the change in his accommodations, were not chilled—rather, Bennett simply did not agree with the outcome of those proceedings. Dkt. 1 at 50-53. It is also unclear from the complaint that the alleged harm Bennett suffered resulted from any constitutionally protected speech given that, as explained above, the modification to his accommodation occurred in response to Bennett's own misconduct. Dkt. 1, at 50-53; 1-2, at 4-5, 25-26, 35-36, 59. Therefore, Bennett's First Amendment retaliation claims should be dismissed.

Finally, Bennett's procedural-due-process claim against the Individual Defendants should be dismissed. Bennett alleges that the Individual Defendants violated his Fourteenth Amendment procedural-due-process rights by modifying his accommodation without offering him a meaningful process by which to challenge the modification. Dkt. 1, at 44-50. Bennett alleges that he has a constitutionally protected interest in "meaningful access to public university education" and "practical use of approved disability accommodations as the means of accessing that education." *Id.* at 44; *see Klingler v. Univ. of S. Miss., USM*, 612 F. App'x 222, 227 (5th Cir. 2015) (explaining that procedural or substantive due process claims require deprivation of a protected interest). Yet the Fifth Circuit has found that continued enrollment in a post-graduate program is not a protected interest under the Fourteenth Amendment. *Pickett v. Tex. Tech. Univ. Health Sci. Ctr.*, No. 24-10304, 2024 WL 4973300, at *2 (5th Cir. Dec. 4, 2024) (citing *Barnes v. Symeonides*, 44 F.3d 1005, 1995 WL 10518, at *2 (5th Cir. Jan. 3, 1995)). Moreover, "[Bennett] does not have a protected liberty

interest in the reasonable accommodation that was granted him." *Hooker v. Simon*, No. 106CV00389OWWSMSPC, 2007 WL 2156171, at *2 (E.D. Cal. July 25, 2007). Bennett's claims brought under 42 U.S.C. § 1983 should be dismissed.

## III. ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Bennett's Application to Proceed *In Forma Pauperis*, Dkt. 3. The undersigned **RECOMMENDS** the District Judge **DISMISS** Bennett's claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Based on the recommendation that Bennett's case be dismissed, the undersigned **DENIES AS MOOT** Bennett's remaining pending motions, Dkts. 4; 10; 11; 12; 13.

The referral of this case to the Magistrate Judge should now be canceled.

## IV. WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District

Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED August 31, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE