IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CORY BENNETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:26-CV-1601-RP |
| | § | |
| THE UNIVERSITY OF TEXAS AT AUSTIN, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is the Report and Recommendation of United States Magistrate Judge Dustin Howell concerning Plaintiff Cory Bennett's Complaint, issued pursuant to 28 U.S.C. § 1915(e), 28 U.S.C. § 636(b), and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. (R. & R., Dkt. 19). In his Report and Recommendation, Judge Howell recommends that the Court dismiss this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). (*Id.* at 8). Plaintiff timely filed objections to the Report and Recommendation. (Objs., Dkt. 20).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b). Because Plaintiff timely objected to the Report and Recommendation, the Court reviews the Report and Recommendation *de novo*. Having conducted a *de novo* review, the Court agrees with the Magistrate Judge's legal analysis and adopts the Report and Recommendation as its own order with modification as to the dismissal of Plaintiff's Americans with Disabilities Act ("ADA") claims.

In his objections, Plaintiff requests leave to amend his complaint. (Objs., Dkt. 20, at 2–3). A *pro se* litigant should "[g]enerally . . . be offered an opportunity to amend his complaint before it is

dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). The Fifth Circuit has "held that district courts should not dismiss pro se complaints . . . without first providing the plaintiff an opportunity to amend, unless it is obvious from the record that the plaintiff has pled his best case." *Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011) (per curiam). The Court finds that Plaintiff has pled his best case for his Rehabilitation Act and 42 U.S.C. § 1983 claims, but that Plaintiff's ADA claims against the University of Texas at Austin may be made sufficient with amendment. Thus, while Plaintiff's Rehabilitation Act and 42 U.S.C. § 1983 claims can be dismissed with prejudice, his ADA claims can only be dismissed without prejudice.

Turning to Plaintiff's ADA claims, even taking as true Plaintiff's version of events regarding the September 30 office hours, *see Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 440–41 (5th Cir. 2015) (holding that while exhibits attached to a complaint "may be considered as an aid to evaluating the pleadings, they should not control to the extent that they conflict with [plaintiff's] allegations"), Plaintiff fails to sufficiently plead the required but-for causation between his disability and Defendant's modification of his accommodation plan, *see Besser v. Texas Gen. Land Off.*, 834 F. App'x 876, 886 (5th Cir. 2020) ("[Plaintiff's] complaint does not contain any facts that allow a reasonable inference that [the] disability was a determining factor in [plaintiff's] termination. In fact, according to [plaintiff's] account, [the] disability was only mentioned twice . . . . At no point does [plaintiff] suggest that [defendants] expressed animosity regarding [the] condition, or that it played any role in the decision to terminate him."). Thus, the Court dismisses Plaintiff's ADA claims without prejudice but will provide him with the opportunity to amend his complaint as to only those claims.

Accordingly, the Court **ORDERS** that the Report and Recommendation of United States Magistrate Judge Dustin Howell, (Dkt. 19), is **ADOPTED** with the above modification as to the dismissal of Plaintiff's ADA claims. Plaintiff's ADA claims in Complaint, (Dkt. 1, at 39–40, 42–44),

are **DISMISSED WITHOUT PREJUDICE**. All other claims in Complaint, (Dkt. 1, at 41–42, 44–53), are **DISMISSED WITH PREJUDICE**.

The Court **FURTHER ORDERS** that Plaintiff shall file a motion for leave to file an amended complaint with only his ADA claims against the University of Texas at Austin, if at all, on or before **November 2, 2026**. Plaintiff's motion for leave must include the proposed amended complaint as an attachment. Failure to do so will result in the entry of final judgment and this case being closed.

**SIGNED** on October 19, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE